**Leslie Daniel CALDWELL, Jr., Plaintiff-Appellant,**

v.

**SOLUS OCEAN SYSTEMS, INC., Defendant-Appellee.**

No. 83–3456.

United States Court of Appeals, Fifth Circuit.

June 25, 1984.

---

Kierr, Gainsburgh, Benjamin, Fallon & Lewis, Barbara G. Danos, New Orleans, La., for plaintiff-appellant.

Chaffe, McCall, Phillips, Toler & Sarpy, David L. McComb, New Orleans, La., for defendant-appellee.

Before GEE, RANDALL and JOHNSON, Circuit Judges.

RANDALL, Circuit Judge:

This case involves an action under 46 U.S.C. § 596 for the recovery of penalty wages by the plaintiff-appellant, Leslie Daniel Caldwell. The district court granted summary judgment for the defendant-appellee, Solus Ocean Systems. We agree with the district court that because Solus was neither the owner nor the master of the vessel upon which Caldwell was sta-

tioned, Caldwell has no cause of action against Solus under section 596. Thus, summary judgment was proper and we affirm.

## I.

Caldwell was employed by Solus [1] as a life-support technician on a diving vessel that was chartered by Solus. He was paid $150 a day. Following his discharge after several weeks of employment, Caldwell was not paid all of the wages he had earned and that were due him. He brought this lawsuit against Solus pursuant to 46 U.S.C. § 596, which provides, in pertinent part:

> The *master or owner* of any vessel making coasting voyages shall pay to every seaman his wages within two days after the termination of the agreement under which he was shipped, or at the time such seaman is discharged, whichever first happens.... Every *master or owner* who refuses or neglects to make payment in the manner hereinbefore mentioned without sufficient cause shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods, which sum shall be recoverable as wages in any claim made before the court....

(Emphasis added.) Because it is undisputed that Solus was not the master or the owner of the vessel on which Caldwell was employed, but was Caldwell's employer, the sole issue before us is whether section 596 extends to "employers" as well as those parties enumerated in the statute. We hold that it does not.

## II.

In *United States v. M/V BIG SAM*, 693 F.2d 451 (5th Cir.1982) (on rehearing), we set forth the fundamental principles of statutory construction in the context of the Federal Water Pollution Control Act, 33 U.S.C. § 1321. There, we held that, al-

---

**1.** Caldwell apparently was also employed for some part of his stint by A.G. Percon. Percon is not a party to this action.

though our interpretation of several provisions of the Act resulted in what some might consider an illogical inconsistency between the provisions, such a construction was mandated by the plain language of the statute itself:

> However inconsistent we may think this disparate treatment, however much we may be of the view that we could tidy up the statute and make of it what to us seems to be more sense, it is simply not part of our function as judges to re-write, in the guise of statutory construction, unambiguous statutory language in order to cure what to us seems to be statutory deficiencies.

693 F.2d at 455. In the case at hand, the asserted statutory deficiency arises because the party paying the seaman is often not the owner or master of the vessel, but the seaman's employer. Thus, Caldwell asserts, precluding a section 596 action against the employer dilutes the rights of the historically protected class of seamen. Caldwell asserts that under *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 102 S.Ct. 3245, 73 L.Ed.2d 973 (1982), where the enforcement of a statute's plain language contravenes Congress' intent in enacting the statute, the courts are not bound by "literalism."

In *Griffin*, the Court held that section 596 is to be construed in accordance with its "straightforward terms:"

> Our task is to give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, "that language must ordinarily be regarded as conclusive." *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980).
>
> \*    \*    \*    \*    \*    \*
>
> Nevertheless, in rare cases the literal application of a statute will produce a

result demonstrably at odds with the intentions of its drafters, and those intentions must be controlling. We have reserved "some 'scope for adopting a restricted rather than a literal or usual meaning of its words where acceptance of that meaning ... would thwart the obvious purpose of the statute.' " *Commissioner v. Brown*, 380 U.S. 563, 571, 85 S.Ct. 1162, 1166, 14 L.Ed.2d 75 (1965) (quoting *Helvering v. Hammel*, 311 U.S. 504, 510–11, 61 S.Ct. 368, 371, 85 L.Ed. 303 (1941)).

102 S.Ct. at 3250. Caldwell urges that this is such a "rare case." We are not persuaded. The *Griffin* Court was concerned with those exceptional instances in which the demonstrated Congressional intent underlying a given statute is clearly frustrated or defeated by a literal interpretation of the statute's language. We are not here presented with such a situation. As the Supreme Court noted in *Griffin*, there is no indication in the legislative history of section 596 that Congress intended to "do anything other than what the Act's enacted language plainly demonstrates." 102 S.Ct. at 3251. Although the *Griffin* Court did not address the issue before us,[2] we think that its rationale is plainly applicable. The exclusion of employers from the coverage of section 596 does not produce such an absurd result that we are persuaded to deviate from the plain and unambiguous statutory language.[3]

Caldwell also argues that we should interpret section 596 to provide employer liability because when Congress originally enacted the statute, owners and masters were the only employers of seamen; hence, we are urged to infer that Congress actually intended to include employers by its language. Caldwell asserts that the principles underlying the statute should be extended to modern-day developments in contractual

---

**2.** The precise issue before the Court in *Griffin* was whether the wage penalty period may be limited by the court, or whether imposition of the penalty was mandatory for each day that payment was withheld in violation of the statute. The Court held that the plain language of section 596 mandated the latter interpretation.

**3.** We note that neither party has cited, nor have we discovered, a single case imposing penalty wage liability under section 596 on any party other than an owner or a master.

division of labor arrangements. We are not persuaded. If Congress intends that seamen be permitted to proceed against their non-owner, non-master employer, it is within Congress' province, not this court's, to make this clear. Until it does, we must assume "that the legislative purpose is expressed by the ordinary meaning of the words used." *Richards v. United States*, 369 U.S. 1, 9, 82 S.Ct. 585, 591, 7 L.Ed.2d 492 (1962). *See also American Tobacco Co. v. Patterson*, 456 U.S. 63, 102 S.Ct. 1534, 71 L.Ed.2d 748 (1982).

The judgment of the district court is AFFIRMED.