**Willie J. SAM**

v.

**KEYSTONE SHIPPING CO.**

**No. G–95–620.**

United States District Court,
S.D. Texas,
Galveston Division.

Jan. 30, 1996.

Michael E. St. John, Stevenson & St. John, Houston, TX, for plaintiff.

Edward J. Patterson, III, Fulbright & Jaworski, Houston, TX, for defendant.

## ORDER GRANTING SUMMARY JUDGMENT

KENT, District Judge.

Presently before the Court is the Defendant's Motion for Summary Judgment. For the reasons set forth below, the Motion is hereby **GRANTED.**

Plaintiff Willie Sam, a seaman aboard the M/V Cape Victory, seeks to recover penalty wages from Defendant Keystone Shipping. The Plaintiff's claim is based on 46 U.S.C. § 10313(g), which provides that if a seaman's wages are improperly withheld, "the master or owner shall pay to the seaman two days' wages for each day payment is delayed." The Defendant has presented an affidavit establishing that it managed the M/V Cape Victory at the request of the vessel's owner, the Maritime Administration of the United States (MarAd). The Defendant contends summary judgment is appropriate because it is neither the owner nor the master of the M/V Cape Victory.

By its plain language, the penalty wage statute imposes liability only upon the vessel's owner or master. It does not impose liability upon the master's employer or the injured seaman's employer. In *Caldwell v. Solus Ocean Systems, Inc.,* 734 F.2d 1121 (5th Cir.), *cert. denied,* 469 U.S. 1019, 105 S.Ct. 434, 83 L.Ed.2d 360 (1984), the court held that the wage statue must be construed in accordance with ordinary meaning of the words used in the statute.[1] The plaintiff in *Caldwell* sued his employer, which was neither the owner nor the master of the vessel. The court rejected the plaintiff's argument

1. The *Caldwell* Court was construing 46 U.S.C. § 596, an earlier version of the penalty wage statute. Like the current version, the statute at issue in *Caldwell* imposed liability for penalty wages only upon the master or owner of a vessel.

that the statute should be construed to extend to employers as well as those enumerated in the statute. 734 F.2d at 1122. While the court recognized that many seamen are now employed by someone other than the vessel owner or master, the court concluded that excluding employers from the statute "does not produce such an absurd result that we are persuaded to deviate from the plain and unambiguous statutory language." *Id.* at 1123. Stating that "[i]f Congress intends that seamen be permitted to proceed against their non-owner, non-master employer, it is within Congress' province, not this court's, to make this clear." *Id.* at 1124. The court therefore concluded that under the ordinary meaning of the statute's language, liability could not be imposed on an employer who was neither the owner nor master of the vessel. *Id.* Accordingly, the Defendant in this case, who is neither the master nor the owner of the vessel, as a matter of law cannot be liable for penalty wages pursuant to *Caldwell* and the plain language of the statute. The arguments raised by the Plaintiff do not alter this conclusion.

The Plaintiff does not dispute the ownership of the vessel; [2] rather, the Plaintiff contends summary judgment is improper because the Defendant has not established whether it employed the master of the vessel, or whether it was the agent for MarAd. *See* Plaintiff's Response, p. 3. These questions, however, are not relevant to the issue of liability for penalty wages in this case; thus, that the questions may be unresolved does not preclude the granting of summary judgment.

■ By virtue of the Clarification Act, 50 U.S.C.App. § 1291, and the Suits in Admiralty Act (SAA), 46 U.S.C.App. § 741–752, a seaman on a MarAd vessel may not recover penalty wages from the master of the vessel. The seaman's exclusive remedy is through an *in personam* action against the United States, pursuant to the SAA. *Martin v. Miller*, 65 F.3d 434 (5th Cir.1995).[3] While the question of the master's agency status will ultimately be relevant to the Plaintiff's claim for penalty wages against the proper defendant, it is irrelevant in this action, because liability cannot be imposed upon the Defendant, regardless of the master's agency status.

■ Even if the Defendant employed the master, that fact would not impose liability upon the Defendant. As discussed above, the penalty wage statute imposes liability only upon the master or vessel owner. Employing the master would not bring the Defendant into either of the categories of defendants upon which the statute imposes liability. Thus, the question of whether the Defendant employed the master of the Cape Victory is not relevant to the question of the Defendant's liability under the penalty wage statute.[4]

Moreover, that a question of fact may exist as to whether the Defendant was MarAd's agent does not preclude the granting of summary judgment in this case. First, the statute imposes liability upon the master or ves-

---

2. The Plaintiff's objections notwithstanding, the Court concludes the Defendant's affidavit is sufficient to establish that the vessel is owned by MarAd.

3. In *Martin*, the court concluded that a claim for penalty wages asserted by a seaman on a MarAd-owned vessel is governed by the Clarification Act, 50 U.S.C.App. § 1291. The Clarification Act provides that claims of such seamen shall be enforceable *in personam* against the United States pursuant to the Suits in Admiralty Act (SAA), 46 U.S.C.App. §§ 741–752. The SAA provides that actions against the United States are exclusive of any action against any agent or employee of the United States if a remedy is provided by the SAA. 46 U.S.C. § 745. The court determined that the SAA does provide a remedy to a seaman seeking penalty wages;

thus, a MarAd seaman's exclusive remedy for wrongfully withheld wages is an *in personam* action against the United States. 65 F.3d at 442–43.

4. The Plaintiff apparently contends summary judgment is improper because the Defendant has failed to establish that the Defendant was not the master of the vessel. *See* Plaintiff's Response, p. 4. This argument is manifestly without merit. A master is "the *individual* having command of a vessel." 46 U.S.C. § 10101(1). It is clearly impossible for a corporation, which acts through its board of directors and officers, to be the master of a vessel. Because there is no dispute as to the corporate status of the Defendant, the Defendant, as a matter of law, cannot be the master of the M/V Cape Victory.

sel owner, not upon an agent of the vessel owner. More importantly, if the Defendant was MarAd's agent, which is most likely,[5] any action against the Defendant is barred, and the Plaintiff's exclusive remedy is through an *in personam* action against the United States, pursuant to the SAA. *Martin,* 65 F.3d at 442–43; *cf. Stewart v. United States,* 903 F.Supp. 1540 (S.D.Ga.1995) (exclusivity provision of the SAA bars an injured seaman's maintenance and cure claim against private party operating a MarAd-owned vessel).

In a last ditch effort, the Plaintiff argues the Court should not consider the summary judgment motion until the Plaintiff has had time to engage in discovery to produce evidence "relative to ownership and agency principles." The affidavit from the Defendant's general counsel is sufficient to establish the ownership of the Cape Victory, and nowhere in his Response does the Plaintiff dispute the ownership of the Cape Victory. Information about the ownership of vessels is a matter of public record. Thus, the Plaintiff has had ample time to present the Court with information disputing the ownership evidence submitted by the Defendant, and there is no need for further discovery as to ownership of the vessel. Moreover, as discussed above, any resolution of the questions involving the relationship between the Defendant and the master will have no impact on the legal conclusion that the Defendant is not liable under the penalty wage statute. Thus, there is no need to allow time for discovery on issues that have no bearing on the matter before the Court.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56. A fact is material if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment should not be granted if the evidence indicates that a reasonable fact finder could find in favor of

the non-moving party. *Id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Accordingly, because there are no issues of fact involving the sole relevant issue of the *Defendant*'s status in connection with the vessel, the Defendant's Motion for Summary Judgment is hereby **GRANTED,** and the Plaintiff's claims against this Defendant are hereby **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

### *FINAL JUDGMENT*

For the reasons set forth in the Court's Order entered today granting the Defendant's Motion for Summary Judgment, the Plaintiff's claims against the Defendant are hereby **DISMISSED WITH PREJUDICE. THIS IS A FINAL JUDGMENT.**

---

**5.** *See Martin,* 65 F.3d at 440 n. 3 ("a 'long line of cases establishes that a contract operator of a naval vessel ... is an agent of the United States for the purposes of [the Suits in Admiralty Act]' ") (quoting *River & Offshore Servs. Co., Inc. v. United States,* 651 F.Supp. 276, 278 (E.D.La. 1987)).